TUCKER ELLIS LLP
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:     213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiff
TACORI ENTERPRISES,

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACORI ENTERPRISES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID LEVI & SONS,<br><br>　　　　Defendant. | Case No. **'17 CV 1756 WQH BLM**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE REPRESENTATION; DEMAND FOR TRIAL BY JURY** |

Plaintiff, Tacori Enterprises ("Tacori"), by and through its attorneys, Tucker Ellis, LLP, files its complaint against David Levi & Sons ("Defendant") for injunctive relief and damages as follows:

**Subject Matter Jurisdiction and Venue**

1. This case is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, and 17 U.S.C. §§ 101, *et seq.*, respectively. This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement and trade dress infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28

1  U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Southern District of California; the claims alleged in this action arose in the Southern District of California; and, the Defendant transacts business in the Southern District of California.

## Parties and Personal Jurisdiction

4. Plaintiff Tacori Enterprises is a California corporation with its principal place of business at 1736 Gardena Avenue, Glendale, California.

5. Tacori is informed and believes, and on that basis alleges that Defendant David Levi & Sons has its principal place of business at 861 Sixth Avenue, Suite 105, San Diego, CA 92101. This Court has personal jurisdiction over Defendant because Defendant transacts business and has other related activities within the Southern District of California. Defendant regularly does and solicits business and derives substantial revenue from doing business in this Judicial District.

## The Business of Plaintiff Tacori Enterprises

6. For over 35 years, Tacori has been an innovator in the design, creation, and marketing of fine jewelry. Tacori designs its own jewelry and has created exclusive collections from only top quality platinum and 18 or 22 karat gold.

7. Among Tacori's original jewelry designs are pieces of jewelry which contain crescents (collectively the "Tacori Crescent Jewelry"). Each piece of the Tacori Crescent Jewelry is an original design comprising copyrightable subject matter under the laws of the United States.

8. At all relevant times, Tacori complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyright in the Tacori Crescent Jewelry. Each piece of the Tacori Crescent Jewelry is

an original work copyrightable under the Copyright Act, and has been copyrighted in full compliance with the Copyright Act.

9. Tacori has received Certificates of Registration and Supplemental Registrations from the Register of Copyrights for the Tacori Crescent Jewelry. A list of the Copyright Registrations for the Tacori Crescent Jewelry is attached to this Complaint as Exhibit A.

10. Since its creation, the Tacori Crescent Jewelry has been manufactured by Tacori, or under its authority.

11. Since the creation of the Tacori Crescent Jewelry, Tacori has been and still is the sole proprietor of all rights, title and interest in and to the copyrights in the Tacori Crescent Jewelry and the Certificates of Registration corresponding therewith.

12. Tacori introduced the first of its distinctive and unique Tacori Crescent Jewelry in 1999.

13. Tacori owns United States Trademark Registration No. 3,071,071 for its word mark TACORI which it uses in connection with all jewelry items. Tacori first used the TACORI mark in 1989. The TACORI mark is now incontestable pursuant to 15 U.S.C. § 1065. A copy of the registration certificate for this registration is attached to this Complaint as Exhibit B.

14. The TACORI mark is widely known and recognized among jewelers and consumers throughout the United States.

15. The TACORI mark is unique and distinctive and, as such, designates a single source of origin.

16. As a result of Tacori's extensive and exclusive use, the TACORI mark has developed extensive goodwill in the market and is extremely valuable to Tacori. Tacori expends substantial effort and expense to protect the TACORI mark and its distinctiveness in the marketplace.

17. Tacori has made and continues to make a substantial investment of time, effort and expense in the design, manufacturing and marketing of its Tacori Crescent Jewelry under the TACORI mark.

18. Since the introduction of its first distinctive Tacori Crescent Jewelry, Tacori has introduced additional rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to herein as the "Tacori Crescent Trade Dress." The Tacori Crescent Trade Dress, as it applies to rings and some pieces of jewelry, is defined as ". . . the appearance of portions of two essentially concentric rings, with one of the rings having a larger diameter than the other. Embedded between the rings are repeating semi-circles or arcs which appear contiguous to each other. A space is created between the contiguous semi-circles or arcs." Tacori owns a United States trademark registration for the Tacori Crescent Trade Dress, Registration No. 3,728,425. A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit C.

19. Tacori has introduced other rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to herein as the "Tacori Reverse Crescent Trade Dress." The Tacori Reverse Crescent Trade Dress, as it applies to rings and some pieces of jewelry, consists of "the appearance of two generally concentric ring portions, with one ring portion having a larger diameter than the other ring portion. Located between the two generally concentric ring portions are two semicircular arches forming crescent-shaped openings that appear to be adjacent to each other and are oriented with their apexes closer to the larger diameter ring portion. Located between each crescent-shaped opening is a stone." Tacori owns a United States trademark registration for the Tacori Reverse Crescent Trade Dress, Registration No. 4,024,320. A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit D.

20. Tacori has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its jewelry featuring the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress. For

example, Tacori's custom designed platinum and diamond wedding bands with the Tacori Crescent Trade Dress were featured on the Today Show and received the popular vote from over 59,000 viewers choosing the wedding bands for a winning couple. Tacori's custom designs have also been featured on Extra, and various seasons of The Bachelorette and The Bachelor.

21. Tacori advertises the TACORI Mark, Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress jewelry designs in national publications, such as Cosmopolitan, Elegant Bride, Elle, InStyle, InStyle-Wedding, Marie Claire, Martha Stewart Wedding, Modern Bride, Robb Report, Town & Country, Vogue, and W. Furthermore, Tacori advertises its products, particularly those with the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress in trade publications and over the World Wide Web through its website www.tacori.com.

22. The Tacori Crescent Jewelry bearing the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress has been sold to retail stores throughout the United States. These retail stores display and offer for sale the Tacori Crescent Jewelry with the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress to the general public.

23. The Tacori Crescent Jewelry featuring the TACORI Mark, Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress has had outstanding commercial success. As a result, jewelers and the public recognize the TACORI Mark, Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress as designating an exclusive source, thereby creating a goodwill which inures to Tacori's benefit.

24. The Tacori Crescent Jewelry has been sold by Tacori to authorized retail stores throughout the United States. These authorized retail stores display and offer for sale the Tacori Crescent Jewelry to the general public and are licensed to display and use the TACORI mark.

## The Business of Defendant David Levi & Sons

25. Tacori is informed and believes, and on that basis alleges, that Defendant is a retailer and/or distributor of jewelry to the general public.

26. Defendant sells or has sold jewelry under the trade name David Levi & Sons.

27. Tacori is informed and believes, and on that basis alleges, that Defendant operates its jewelry business in direct competition with Tacori's jewelry business.

28. Tacori is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same consumers as Tacori.

29. Tacori is informed and believes, and on that basis alleges, that Defendant sells its jewelry to consumers within this Judicial District, and specifically markets its jewelry within this Judicial District.

30. Defendant is not an authorized retailer of Tacori and is not authorized to act as an authorized retailer of Tacori or act in a way to suggest that Tacori has authorized, sponsored or approved Defendant selling Tacori Crescent Jewelry.

31. Defendant is not licensed to use or display the TACORI mark in connection with the marketing, advertising and sale of jewelry.

32. Tacori has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Tacori Crescent Jewelry or jewelry with a design that is substantially similar to the Tacori Crescent Jewelry.

33. Tacori has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is confusingly similar to the Tacori Crescent Trade Dress or the Tacori Reverse Crescent Trade Dress.

34. Tacori is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement of Tacori Crescent Jewelry by posting a banner outside its store stating TACORI SALE and using the same font and color as the TACORI mark.



35. Tacori is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement of Tacori Crescent Jewelry even though it is not in possession of any Tacori Crescent Jewelry.

36. Tacori is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of infringing copies of the Tacori Crescent Jewelry.

37. Tacori is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are confusingly similar to the Tacori Crescent Trade Dress or the Tacori Reverse Crescent Trade Dress.

38. Currently, Defendant is manufacturing, advertising and selling rings that are substantially similar to the Tacori Crescent Jewelry and confusingly similar to the Tacori Crescent Trade Dress and Tacori Reverse Crescent Trade Dress.  Pictures of these unauthorized and infringing copies of the Tacori Crescent Jewelry, Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress are attached to this Complaint as Exhibit E.

39. In fact, Defendant's salespeople and owner admit that Defendant makes rings that look exactly like Tacori's rings and that they do it all of the time.

Case 3:17-cv-01756-WQH-BLM   Document 1   Filed 08/31/17   PageID.8   Page 8 of 18

**First Cause of Action**

(Copyright Infringement)

40.  Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 39 of this Complaint as though fully set forth.

41.  Defendant's acts constitute infringement of Tacori's copyrights in the Tacori Crescent Jewelry in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

42.  For example, Defendant's "custom made band" is substantially similar to Tacori's copyrighted ring design HT 2229 (Copyright Registration Nos. VA 1-120-166, VA 1-237-005, and VA 1-327-576).

  

Tacori Ring Style HT 2229            Defendant's "Custom Made Band"

8

Case No. _____

43.     For further example, in a Yelp review, Meredith R posted a picture of a "3.02 carat center custom" purchased from Defendant that is substantially similar to Tacori's copyrighted ring design HT 2229A (Copyright Registration Nos. VA 1-147-455, VA 1-237-015 and VA 1-327-585).

   

Tacori Ring Style HT 2229A          Defendant Ring 3.02 Carat Center

44.     In addition, Defendant's ring style no. 6910-W is substantially similar to Tacori's copyrighted ring design HT 2326 (Copyright Registration Nos. VA 1-225-365 and VA 1-327-607).

   

Tacori Ring Style HT 2326            Defendant Ring Style 6910-W

45. In addition, Defendant's ring style no. J-VS2 is substantially similar to Tacori's copyrighted ring design HT 2265A (Copyright Registration Nos. VA 1-225-354, and VA 1 -327-597).



Tacori Ring Style HT 2265    Defendant Ring Style J-VS2

46. Tacori is informed and believes that Defendant's manufacture, distribution, duplication and/or sale of infringing copies of the Tacori Crescent Jewelry was deliberate, willful, malicious, oppressive, and without regard to Tacori's proprietary rights.

47. Defendant's copyright infringement has caused, and will continue to cause Tacori to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyrights in the Tacori Crescent Jewelry and further, has damaged Tacori's business reputation and goodwill, diverted its trade, and caused loss of profits, all in an amount not yet determined. In addition, Tacori is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Tacori is entitled to recover statutory damages, on election by Tacori, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

48. Defendant's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Tacori repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendant's acts and continuing acts. Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Therefore, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of the Tacori Crescent Jewelry, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

49. Tacori is also entitled to recover its attorneys' fees and cost of suit pursuant to 17 U.S.C. § 505.

### Second Cause of Action

(Trademark Infringement Under 15 U.S.C. § 1114(1))

50. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 49 of this Complaint as though fully set forth here.

51. Defendant's use in commerce of Tacori's federally registered trademarks in the TACORI mark, Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress is likely to cause confusion, mistake, or to deceive.

52. Defendant's banner stating TACORI SALE did not clearly and conspicuously state that it was not an authorized retailer of Tacori jewelry, nor inform the public that the Tacori jewelry was being sold without a Tacori warranty.

53. Tacori is informed and believes, and on that basis alleges, that Defendant's banner stating TACORI SALE was used even though Defendant was not in possession of nor exhibited any Tacori Crescent Jewelry.

54. The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Tacori to relief.

55. Defendant has unfairly profited from the trademark infringement alleged.

56. By reason of Defendant's acts of trademark infringement, Tacori has suffered damage to the goodwill associated with the TACORI mark, Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress.

57. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and its federally registered trademark.

58. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

59. By reason of Defendant's acts of trademark infringement, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Tacori is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

60. By reason of Defendant's willful acts of trademark infringement, Tacori is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

61. This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Third Cause of Action

(Trade Dress Infringement and False Designation of Origin

Under 15 U.S.C. § 1125(a))

62. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 61 of this Complaint as though fully set forth.

63. Tacori's jewelry incorporating the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress has a unique and distinctive design which designates a single source of origin.

64. Defendant's use in commerce of the TACORI mark, Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or service are authorized, sponsored or approved by or are affiliated with Tacori.

65. Defendant's banner advertising a TACORI SALE uses in commerce the TACORI mark and falsely claims that Defendant has in its possession Tacori jewelry which is likely to cause confusion, or to cause mistake, or to deceive the relevant public.

66. The above-described acts of Defendant constitute trademark infringement, false designation of origin, false or misleading description of fact and/or false or misleading representation of fact in violation of 15 U.S.C. § 1125(a), entitling Tacori to relief.

67. Tacori is being damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship or affiliation of Defendant's jewelry.

68. Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

69. By reason of the above-described acts of Defendant, Tacori has suffered and will continue to suffer damage to the goodwill associated with the TACORI mark, Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress.

70. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and the TACORI mark, Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress.

71. The above-described acts of Defendant have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

72. By reason of the above-described acts of Defendant, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, Tacori is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

73. Because the above-described acts of Defendant were willful, Tacori is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

13

Case No. _____

74. This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Fourth Cause of Action

(Violation of California Unfair Competition Law)

75. Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 74 of this Complaint as though fully set forth.

76. Tacori is informed and believes that Defendant is in direct competition with Tacori.

77. Defendant has infringed Tacori's trade dress rights and sold infringing products in violation of Tacori's proprietary rights. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, *et seq.*, and under the common law of the State of California.

78. Pursuant to California Business and Professions Code § 17203, Defendant is required to disgorge and restore to Tacori all profits and property acquired by means of Defendant's unfair competition with Tacori.

79. Due to the conduct of the Defendant, Tacori has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendant's acts and continuing acts. Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Accordingly, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

80. Tacori is informed and believes and on that basis alleges that Defendant's conduct has been intentional and willful and in conscious disregard of Tacori's rights and, therefore, Tacori is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

**Prayer for Relief**

**Therefore**, Tacori respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendant that Defendant has:

    (a) infringed the trade dress rights of Tacori in violation of 15 U.S.C. § 1125;

    (b) infringed the rights of Tacori in its federally registered trademark in the TACORI mark, Tacori Reverse Crescent Trade Dress and Tacori Crescent Trade Dress in violation of 15 U.S.C. § 1114;

    (c) infringed the rights of Tacori in its federally registered copyrights under 17 U.S.C. § 501; and

    (d) competed unfairly with Tacori at common-law and in violation of California Business and Professions Code § 17200.

2. That each of the above acts were willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

    (a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendant that is confusingly similar to the Tacori Crescent Trade Dress or the Tacori Reverse Crescent Trade Dress, or that is substantially similar to the Tacori Crescent Jewelry;

    (b) destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry; and,

    (c) engaging in any other activity constituting an infringement of Tacori's trade dress rights in the "Tacori Crescent Trade Dress" and the

"Tacori Reverse Crescent Trade Dress," or Tacori's copyrights in the Tacori Crescent Jewelry.

4. That Tacori be awarded damages for Defendant's trademark and trade dress infringement, and unfair competition.

5. That Tacori be awarded Defendant's profits resulting from its infringement of Tacori's trademark and trade dress rights.

6. That Defendant be ordered to account for and disgorge to Tacori all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of.

7. That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8. That Tacori be awarded damages for Defendant's copyright infringement either: (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Tacori's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Tacori's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9. That Tacori be awarded all profits and property acquired by means of Defendant's unfair competition with Tacori.

10. That Tacori be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

11. That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using Tacori's trade dress rights in the "Tacori Crescent Trade Dress," the "Tacori Reverse Crescent Trade Dress," or infringing copies of the Tacori Crescent Jewelry.

12. That the Court issue an Order at the conclusion of the present matter that the jewelry infringing Tacori's trade dress and all infringing copies of the Tacori Crescent Jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

13. That the Court award Tacori its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

14. That the Court award Tacori its costs of suit incurred herein.

15. That Tacori be awarded such other relief as may be appropriate, including costs of corrective advertising.

DATED: August 31, 2017          Tucker Ellis LLP


                                By:   /s/Howard A. Kroll
                                      Howard A. Kroll
                                      Attorneys for Plaintiff
                                      TACORI ENTERPRISES,

1
2
**DEMAND FOR TRIAL BY JURY**

   Plaintiff Tacori Enterprises hereby demands a trial by jury to decide all issues so triable in this case.

DATED:   August 31, 2017                    Tucker Ellis LLP


                                            By:   /s/Howard A. Kroll
                                                  Howard A. Kroll
                                                  Attorneys for Plaintiff
                                                  TACORI ENTERPRISES,